D. M. ROBBINS, Appellant, v. J. A. MAGOUN, Treasurer of Woodbury County, T. A. THOMPSON, and THE RELIANCE TRUST COMPANY.

**Taxation:** CORPORATION STOCK. Assessing a corporation for corporation stock is proper, though it owns none, if the shares of the stockholders are not assessed to them.

SAME. An assessment against the property of an elevated railway company is not invalid because such property is mistakenly classified as "corporation stock."

*Appeal from Woodbury District Court.*—HON. GEOREG W. WAKEFIELD, Judge.

FRIDAY, APRIL 9, 1897.

ACTION in equity to redeem certain lots from tax sale, and to have a portion of the taxes levied thereon

declared illegal.    Decree for the defendants, and plaintiff appeals.—*Affirmed.*

*Wilson & Quick* and *Joy, Call & Joy* for appellant.

*Milchrist & Robinson* for appellees.

LADD, J.—During the years of 1890 and 1891, the Sioux City Rapid Transit Company constructed an elevated street railway in Sioux City, its property consisting of the roadbed and the superstructure, rolling stock, and such other property as was necessary for its operation, including the lots in controversy.    The assessor consulted with the officers of the company, and it was agreed that all the property, except the lots, should be assessed at sixteen thousand dollars in 1890, and at thirty-nine thousand three hundred dollars in 1891.    The assessor entered these amounts each year in the column of his book headed "Corporation Stock," and in 1890 carried the amount to the column under "Total Personal Property," and in 1891 to that under "Total Value of All Property."    The assessments were placed in the tax list as personal property, and taxes levied thereon as such, and entered on the tax books against the lots.    The company owned no corporation stock, and it is insisted that, as it had none, the assessment thereof was illegal.    It does not appear that the shares of the stockholders in the company were assessed.    Under the circumstances, the property was properly assessed to the corporation. *Appeal of Des Moines Water Co.,* 48 Iowa, 333.    The assessment of the property as "corporation stock" was undoubtedly erroneous, but the mistake was merely in the classification, and it is difficult to understand in what respect the company was prejudiced thereby.    It was held in *Wilson v. Cass County,* 69 Iowa, 147 (28 N. W. Rep. 483), that the assessment of a growing

nursery stock as personal property, though erroneous, was not void. A mistake in designating property will not be permitted to defeat the collection of taxes justly due. When it is rightly assessed, even though erroneously classified, the assessment is not illegal, and the correction, if any is desired, must be sought before the board of equalization.—AFFIRMED.