LAMSON CONSOLIDATED STORE SERVICE COMPANY *vs.* CITY OF BOSTON.

Suffolk.    January 13, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Tax — Personal Property — Foreign Corporation — Statute — Valuation List.*

Personal property leased for profit, situated in a city within the Commonwealth and owned by a foreign corporation, is taxable under St. 1889, c. 446, entitled "An Act providing for the taxation of leased properties in use in this Commonwealth."

Where no list of property is brought in to the assessors, there is no statute requiring that cash carriers for store service should be particularly described in the valuation list; and the classification of certain other kinds of personal property which is called for by Pub. Sts. c. 11, § 43, appears to be intended chiefly for statistical purposes.

CONTRACT, to recover the amount of a tax assessed upon personal property of the plaintiff, a corporation organized under the laws of the State of New Jersey, for the year 1893, and paid under protest.

The case was submitted to the Superior Court and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion, and in the reporter's note thereto.

*E. C. Gilman,* for the plaintiff.

*S. M. Child,* for the defendant.

ALLEN, J.    The plaintiff is a foreign corporation, and contends that the tax upon its personal property is invalid.    The defendant relies on St. 1889, c. 446, which provides that " all personal property within the Commonwealth, leased for profit,

shall be assessed for taxation in the city or town where such property is situated on the first day of May to the owner or the person having possession of the same." The plaintiff was the owner of the cash carriers for store service, and they were leased for profit in Boston. The property therefore came within the letter of the statute. But the plaintiff contends that by construction the statute was intended to have a narrower scope, and to apply only to property of inhabitants of the Commonwealth; that it is an amendment of Pub. Sts. c. 11, § 20, cl. 2, which clause did not apply to foreign corporations, and that the new statute should be limited in like manner. Whether this contention in respect to Pub. Sts. c. 11, § 20, cl. 2, is correct or not, it seems quite plain that no such limitation was intended to be put upon St. 1889, c. 446. It is universal in its terms, it makes no reference to the former statute, and we see no good reason for supposing that the Legislature intended to exclude foreign corporations from its application.

The plaintiff contends that the tax was invalid in form, for want of a more particular description of the property assessed. But inasmuch as the plaintiff brought in no list of property to the assessors, the want of a more particular description did not render the tax invalid.* In *Tobey* v. *Wareham*, 2 Allen, 594, the plaintiff in like manner, as appears by a reference to the original briefs, contended that the tax upon his real estate was invalid, because he had many distinct and separate parcels of real estate, and this was well known to the assessors, and that under these circumstances, it was their duty to make a more particular description; but the argument was unavailing. See also *Lincoln* v. *Worcester*, 8 Cush. 55, 63, 64; *Westhampton* v. *Searle*, 127 Mass. 502, 506; *Noyes* v. *Hale*, 137 Mass. 266, 270.

---

* The bill of exceptions recited that the Board of Assessors on May 1, 1893, assessed the Lamson Consolidated Store Service Company on personal estate or income as follows: " Personal Estate, $50,000; Tax on Personal Estate, $640; Total Tax, $640 "; that the above were the only records of the assessment, and were in the books of assessment of property kept in the office of the board, and that no list of the valuation of the property and the assessment thereon, nor any attested copy thereof, was deposited in the office of the board for public inspection before the tax assessed as above was committed to the collector for collection, except the book above stated in the office of the board, which book was open to public inspection.

Where no list of property is brought in, there is no statute requiring that personal property of this kind should be particularly described in the valuation list; and the classification of certain other kinds of personal property which is called for by Pub. Sts. c. 11, § 43, appears to be intended chiefly for statistical purposes.

The assessment was sufficient in form.

*Judgment for the defendant affirmed.*