PAYNE, Co. Treas., v. SPEAKMAN, Dist. Judge.

No. 14771—Opinion Filed Nov. 6, 1923.

Rehearing Denied Dec. 11, 1923.

(Syllabus.)

1. **Taxation—Assessment of Omitted Property—Prohibition Against County Treasurer.**

The county treasurer, when proceeding to assess omitted property, is an inferior tribunal exercising statutory authority, and prohibition will lie against the county treasurer in cases where he is acting without authority of law, and his acts would be void.

2. **Same — Remedy by Appeal — Equity Powers.**

Where a special remedy such as that of appeal in proceedings for the assessment of omitted property is provided for, the same is exclusive, and the complaining party cannot resort to a court of equity unless the officers are acting without authority of law.

3. **Same — Sufficiency of Notice to Property Owners.**

Under and by virtue of section 9798, Comp. Stat. 1921, which provides as follows: Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice by registered letter," held, that under and by virtue of said section, it is not necessary that the notice itemize the personal property purported to be assessed in detail, and a notice which describes the property in general terms as money and other personal property is sufficient to give the county treasurer jurisdiction.

4. **Prohibition—Right to Writ Against Court.**

Prohibition is a proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it.

5. **Same — Interference by Court with Tax Officers.**

The general policy of the laws of this state regarding the listing and assessing of property for taxes has been to provide the owner of the property with a remedy by appeal, and said remedy is exclusive, and courts of equity are without jurisdiction to enjoin and restrain the proper officers from listing or assessing said property unless the acts of the officers are without authority of law; held, prohibition will lie against the district courts when they attempt to enjoin or restrain the proper officer from proceeding in matters properly before said officer, and over which said officer has jurisdiction.

Original action in the Supreme Court for writ of prohibition against the District Judge of Creek County. Writ of prohibition issued.

Rainey & Flynn, R. K. Robertson, and Calvin Jones, for petitioner.

Hughes, Foster & Ellinghausen, Walker & Lee, Thompson & Smith, George L. Mann, and Thrift & Davenport, for respondent.

McNEILL, J. This is an original action commenced in this court by the county treasurer of Creek county against Fred A. Speakman, district judge of Creek county, for a writ of prohibition enjoining and restraining said court from proceeding or assuming jurisdiction in an action pending in said court entitled "O'Dell et al. v. Payne, County Treasurer of Creek County."

The facts, briefly stated, are as follows: A tax ferret has been employed in Creek county as provided in section 9798, Comp. Stat. 1921, to discover property omitted and not listed for taxation. The county treasurer gave notice in writing to various parties; one of said notices was, in substance, that information had been filed with the county treasurer that said party was the owner of certain personal property consisting of the following: Money, bills receivable, at a fair cash value of $------, which was subject to taxation in Creek county for the years as follows: 1917, $3,000; 1919, $2,000; 1920, $1,000; and 1921, $1,500. and not assessed and extended on the tax rolls; that before assessing and extending on the tax rolls the same, you shall have ten days notice in writing in which you may file in this office on or before a certain day any objections to such assessment or listing. The notices were all similar, although some of these notices referred to the personal property as follows: Money, bills receivable, choses in action; others, choses in action, merchandise, money and bills receivable; others, stocks and bonds; and others, household furniture, royalties, and rentals; then the notice disclosed the year said property was omitted, and the value.

A number of the parties who received notices appeared and filed a written motion with the county treasurer requesting he furnish said parties a detailed list of the property belonging to said parties supposed to be omitted, and in default of furnishing said list moved the proceedings be dismissed for the reason the notice was insufficient. This motion was overruled.

Thereafter, said parties, about 50 in number, brought an action in the district court of Creek county to enjoin the county treasurer from proceeding further with said assessment. The prayer of the petition was that the county treasurer be enjoined, restrained, and prohibited from assessing any property of the plaintiffs or any of them, or any other persons similarly situated, and the county treasurer be enjoined and restrained from proceeding in any hearing or determination of the property of the plaintiff, or other parties similarly situated, unless the defendant gave the plaintiff a notice as required by law describing the character and value of the property alleged to have been discovered, and not listed and assessed, and for general relief.

A temporary restraining order was issued; the county treasurer appeared and objected to the district court exercising jurisdiction in said proceeding, because of want of jurisdiction in the district court. The court overruled said motion, and assumed jurisdiction and issued a temporary injunction. It is contended that assumption of jurisdiction by the district court of Creek county is unwarranted, and without authority of law, and the same is unlawful and unduly interferes with the county treasurer in the performance of the duties enjoined by law, and the county treasurer applies to this court for a writ of prohibition to prohibit the district judge from proceeding further in said cause.

It is the contention of the petitioner herein that the district court is without jurisdiction for the reason the proceeding before the county treasurer to assess omitted property is a summary proceeding and a plain, speedy, and adequate remedy at law is provided by appeal, and that remedy is exclusive, and, no matter how defective the proceedings may be before the treasurer, it is a matter of which he has jurisdiction, and any errors and defects in the proceedings can be remedied by appeal. This court has held, in substance, that the county treasurer in assessing omitted property is an inferior tribunal exercising statutory authority, and that prohibition will lie against the county treasurer in cases where he is acting without authority of law. See Osage & Oklahoma Co. v. Millard, 45 Okla. 334, 145 Pac. 797. This court in the case of Busey v. Prehistoric Oil & Gas Co., 79 Okla. 121, 191 Pac. 1033, held the tax ferret law provides a remedy by appeal to the county court from the final action of the county treasurer upon the assessment of omitted property and where the party failed or neglected to avail himself of the remedy pro-

vided by statute, the courts are without jurisdiction to exercise their equitable powers by restraining the collection of taxes due under said assessment.

The Supreme Court of Iowa in a proceeding to assess omitted property under a similar law to that in this state, in the case of Bednar v. Carroll (Iowa) 116 N. W. 315, stated as follows:

"Where a special remedy such as that of appeal in proceedings for the assessment of property is provided for, it is exclusive, and the complaining party cannot resort to a court of equity unless the tax is illegal and void."

This court, on the proposition of enjoining the collection of taxes, has held, in substance, where the Legislature has prescribed the remedy and the aggrieved taxpayer has an effectual remedy, or one provided for him, that is all that is necessary, and when such remedy is provided, the same is exclusive. See Perry, County Treasurer, v. Carson, 61 Okla. 263, 161 Pac. 175.

The respondent, however, contends that the proceedings before the county treasurer were void for the reason that notice was insufficient to give the county treasurer jurisdiction; it being contended the notice was too indefinite and uncertain. The statute does not provide the form of the notice that shall be given, nor does it provide for the listing of the property before giving the notice. Section 9798, Comp. Stat. 1921, reads:

"* * * Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days notice thereof by registered letter. * * *"

The notice had been given. A somewhat similar notice was held sufficient by the Supreme Court of Iowa in Re Seamans, 135 Iowa, 543, 113 N. W. 354. The general rule relating to assessing property is announced in 26 R. C. L. 357, as follows:

"An assessment of personal property need not describe the items of property assessed in detail and an assessment in general terms of money and all other personal property is sufficient."

Cases supporting this general proposition are as follows: Security Savings Bank v. Carrol (Iowa) 109 N. W. 212; Spring Valley Water Co. v. City and County of San Francisco, Cal., 62 L. Ed. 790; Lamson Consolidated Store Service Co. v. Boston (Mass.) 49 N. E. 630; In re Morgan's Estate, 125 Iowa, 247, 101 N. W. 127; Robbins

v. Magoun (Iowa) 70 N. W. 700; Noyes v. Hale, 137 Mass. 266.

The respondents rely upon the case of Commonwealth v. Glover (Ky.) 116 S. W. 769. In that case, however, the statute was different from the statute under consideration. The statute there under consideration defines the duties of the revenue agent, which is the same as a "tax ferret" in this state, as follows:

"He shall file a statement of the property omitted from taxation and such statement shall contain a description and value of the property proposed to be assessed."

There is no such requirement under our statute. It simply requires the treasurer shall give the party a notice in writing. We do not think the case has any application to our statute. The Kentucky court in discussing the statute dealt with the abuses that arose in Kentucky under the statute as it existed before it was amended to require the filing of a description of the property and why the Kentucky Legislature deemed it necessary to require the tax ferret to file a statement disclosing the description and value of the property to be assessed. The Legislature in this state, however, has not seen fit to require the tax ferret to file such a description, and it is not the duty of the court to make that the law which the Legislature has not seen fit to enact into the law.

We therefore conclude the district courts have jurisdiction to enjoin the county treasurer when he is attempting to assess property without warrant or authority of law. Second, that the county treasurer in the instant case had jurisdiction and the notice was sufficient to confer jurisdiction upon him, and his acts are not void. Third, in the listing, assessing, and collecting of taxes a remedy is provided for by appeal, and said remedy is exclusive, and parties cannot resort to a court of equity.

Having reached this conclusion, the only other question necessary to consider is whether the acts of the district court amount to an unauthorized application of judicial force, in a case otherwise cognizable by it, and should the writ of prohibition be made permanent. Having concluded that the county treasurer had jurisdiction of the proceedings, and the parties are afforded a remedy by appeal, any attempt by the district court to interfere or hamper that tribunal in performing the duty and function of its office or to regulate the same amounts to judicial force. That prohibition will lie to an inferior court

when attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it has been decided by this court in the case of Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293; Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687. See, also, Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498.

We, therefore, conclude that the petition filed by the various parties against the county treasurer failed to state a cause of action and failed to allege facts that disclosed the county treasurer was proceeding without authority. On the other hand, the petition disclosed upon its face that the county treasurer had jurisdiction over the matters pending before him.

The general policy of the laws of this state, regarding the listing and assessing of property for taxes, has been to provide the owner of the property with a remedy by appeal, and said remedy is exclusive, and courts of equity are without jurisdiction to enjoin and restrain the proper officers from listing or assessing said property, unless the officers are acting without authority of law. When the district court attempted to enjoin or restrain the taxing official from proceeding in matters properly before said officer, said acts amounted to an unauthorized application of judicial force and prohibition will lie to enjoin and restrain said court.

The remedy by appeal is not adequate to a county treasurer or the taxing officials of the state. In this manner taxpayers might use the arm of the law to prevent the various municipalities from functioning by injunction proceedings by preventing the raising of revenue to run the said municipalities. This is against the spirit and policy of the law of this state.

For the reasons stated, it is ordered that the writ of prohibition be issued and that the district court be prohibited from proceeding further in the case pending before it, except to disclose its temporary injunction.

KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.