**PAYNE, Co. Treas., et al. v. SMITH, Judge.**

No. 15500—Opinion Filed Oct. 7, 1924.

Rehearing Denied Dec. 16, 1924.

(Syllabus.)

1. **Municipal Corporations—Special Assessments—Inapplicability of Statute on Payment of Taxes Under Protest.**

Section 9971, Comp. Okla. Stat. 1921, providing for the payment of taxes and giving notice of intention to sue for their return, has no application to special improvements taxes as provided for in chapter 29, articles 3 and 11, Comp. Okla. Stat. 1921.

2. **Mandamus—Right to Writ.**

To sustain a petition for mandamus petitioner must show a legal right to have the act done sought by the writ, and also that it is the plain legal duty of the defendant to perform the act.

3. **Prohibition—Right to Writ.**

Where the subordinate court is exercising a judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly within its jurisdiction, a writ of prohibition will issue to prohibit such action.

Original action in this court wherein James E. Payne, County Treasurer of Creek County, makes application for a writ of prohibition commanding J. Harvey Smith, Judge of the Superior Court of Creek county, to dismiss a certain action pending before him in such court. Application of respondent for order vacating writ of prohibition heretofore issued denied.

Tom Wallace, Co. Atty., Ralph Robertson, and Streeter Speakman, for plaintiffs.

Hughes, Foster & Ellinghausen and McDougal, Allen & Pryor, for defendant.

WARREN, J. This is an original action in this court wherein the plaintiff, James E. Payne, county treasurer of Creek county, makes application for a writ of prohibition commanding J. Harvey Smith, judge of the superior court of Creek county, to dismiss a certain action pending before him in such court. The said action is one wherein M. D. Gibbs and many others, plaintiffs similarly situated, bring a lawsuit praying for a writ of mandamus ordering James E. Payne, county treasurer of Creek county, to accept the ad valorem taxes on property located within sewer district No. 7, city of Sapulpa, without at the same time requiring the payment of the sewer taxes appearing on his tax rolls for the said district.

It appears that upon the filing of the said petition for mandamus the defendant as judge of such court issued an alternative writ of mandamus commanding the county treasurer, plaintiff herein, to accept payment of the general taxes for state, county, city, and school purposes in said sewer district and receipt therefor, as prayed in the petition, and in addition thereto also ordered the treasurer to strike from the tax books any and all amounts appearing as sewer tax in said district. This was an alternative writ directing such action or ordering his appearance at a time specified to show cause why such command should not be obeyed.

Motion to dismiss was filed and overruled. Answers were filed by the treasurer and defendant Tankersley, and upon the cause being taken under advisement by the court, the petitioners herein apply for a writ of prohibition commanding the trial judge to dismiss this cause.

There was a default upon the application for the writ, and on the 22nd day of July, 1924, a writ of prohibition issued to the superior court of Creek county ordering the dismissal of a suit. Application has now been made to set aside this writ, and this court has permitted the filing of this application, the filing of such pleadings as could have been filed in the first instance, and briefs thereon.

The defendant judge has filed his response herein, in which he denies the allegations of petitioner that the matters in issue in the suit have heretofore been adjudicated in the cases of M. D. Gibbs et al. v. City of Sapulpa, or Theodore Berryhill et al. v. City of Sapulpa, 97 Okla. 65, 222 Pac. 555, and denies that such matters have ever been adjudicated in any court, and submits this issue on the petition and exhibits filed by the plaintiff. He alleges that this, as an issue at this time, is unwarranted, but indicates his intended action thereon. Petitioners rely for their relief on the adjudication in the aforesaid cases: section 9971, Comp. Okla. Stat. 1921, (Sess. Laws 1915); chapter 173, Sess. Laws 1923; section 4619, Comp. Stat. 1921;

Payne County Treasurer, v. Speakman, 96 Okla. 170, 221 Pac. 9.

Defendant in his reply brief contends that the issues in the case under consideration are different from the cases above referred to in 97 Okla. 65, 222 Pac. 555, in that in the former cases irregularities in the proceedings were alleged, while in the present case a conspiracy is alleged between the city officials and the contractor for the purpose of awarding the said contractor an exorbitant price for the work which constituted a fraud on the plaintiffs, the owners of the property therein. Defendant further contends that the assessing ordinance whereby the said assessments were made was repealed by a later ordinance and that there now exists no lawful assessment of benefits under the contract.

The merits of these contentions will be considered only in so far as it is necessary to determine the right to the issuance of this writ, and when that is determined, the merits of other matters before the trial court will not be discussed.

Section 9971, Comp. Stat. 1921, is a revenue section included in the revenue act, while the taxing provisions for sewers and street improvements appear in the article pertaining to cities and towns. Under section 4408, relating to sewers, and section 4619, relating to paving, which have been in force continuously during the entire period since statehood, jurisdiction for injunctive relief has been taken without requiring the payment of the taxes as required by section 9971. St. L. & S. F. Ry. Co. v. Ada, 64 Okla. 279, 167 Pac. 621; Muskogee v. Burford, 77 Okla. 174, 186 Pac. 949; Woodward et al. v. Tulsa, 81 Okla. 58, 196 Pac. 683; Greer v. Kramer, 62 Okla. 151, 162 Pac. 490.

Chapter 173, Sess. Laws 1923, contains the following as a part of section 28:

"It shall be the duty of the county treasurer to collect such installments of assessment, together with interest and penalty, so certified to him by the city or town clerk, as herein provided, and such county treasurer shall not receive the general or ad valorem taxes levied against the property against which such assessments and interest remain unpaid unless said special assessments are likewise paid thereon."

Section 37 of said chapter is as follows:

"In all such cities where such improvements are in the process of being constructed under the laws heretofore in force in this state or for which proceedings have been commenced under such laws at the time this act takes effect, the same shall be completed and paid for under such laws, and said laws are hereby extended in force as to such improvements until such improvements shall be completed and paid for as by such laws provided."

The excerpt from section 28 by its terms would prohibit the receiving of the sewer or paving taxes without the payment of the general taxes, unless section 37, supra, limits its action to improvements which were in process of being constructed or for which proceedings were commenced under prior laws. By its terms, the section limits its operation to the above classes and does not stay the operation of the act where the entire improvement has been completed prior to its enactment. The meaning of the Legislature here may not be entirely clear, but at least the letter of the act does not exclude the present improvement from its operation.

Section 4407, Comp. Stat. 1921, provides that the taxes represented by the sewer warrants shall be collected "as other taxes." Section 4609, relating to paving, provides that the lien of the taxes for street improvements from the date of the levying ordinance is declared a lien "co-equal with other taxes."

In the action in the trial court, action upon which is sought to be prohibited, petitioners seek relief by mandamus ordering the county treasurer to receive payment of the ad valorem taxes without demanding at the same time full payment of the sewer taxes.

To sustain a petition for mandamus, petitioner must show a legal right to have the act done sought by the writ, and also that it is the plain legal duty of the defendant to perform the act.

Whether or not the matters in the present mandamus suit were adjudicated in Gibbs v. City of Sapulpa and Berryhill v. City of Sapulpa, supra, it is apparent that these items are properly on the tax books of the county treasurer of Creek county at this time. There is no legal authority for striking them by the treasurer and mandamus is not the proper remedy to secure such relief. In the cases above cited the warrants were adjudged valid, and it was the duty of the proper officers of the city and county to see that the taxes were entered on the tax books against the various pieces of property in the sewer district. This duty has been performed and we assume properly. There is no authority of law in the statutes or decisions imposing a duty upon the treasurer to strike from his rolls such taxes. Mandamus will only lie to compel a duty which is imposed

upon the officer and the right to which is clear. Huddleston v. Board of Commissioners, 8 Okla. 614, 58 Pac. 749; Terr. ex rel. Crosby v. Crum, 13 Okla. 9, 73 Pac. 297; City of Shawnee v. City of Tecumseh, 52 Okla. 509, 150 Pac. 890; Champlin v. Carter, 78 Okla. 300, 190 Pac. 679; Frequay v. McAlister, 102 Okla. 164, 228 Pac. 487.

In the case of Payne, County Treasurer, v. Speakman. 96 Okla. 170, 221 Pac. 9, this court held:

"The general policy of the laws of this state regarding the listing and assessing of property for taxes has been to provide the owner of the property with a remedy by appeal, and said remedy is exclusive, and courts of equity are without jurisdiction to enjoin and restrain the proper officers from listing or assessing said property, unless the acts of the officers are without authority of law. Held, prohibition will lie against the district court, when they attempt to enjoin or restrain the proper officer from proceeding in matters properly before said officer, and over which said officer has jurisdiction."

In this case the matter of the collection of the taxes, both general and special, was properly before the county treasurer. He was required to collect the special taxes "as other taxes." The liens were co-equal. The 1923 Act was in force, and by its terms did not exclude completed assessments.

The respondents have not pointed out the law imposing upon the county treasurer the duty to receive the general tax and exclude the special. It being a tax matter, nothing will be presumed against the legality of the actions of the collector.

Mandamus will not lie against an officer requiring him to perform a duty which is not clear. The right of the plaintiffs in the mandamus suit certainly is not clear, and mandamus will not lie.

The writ of prohibition heretofore issued, directing the superior court of Creek county to dismiss the action, will not be set aside.

McNEILL, C. J., and NICHOLSON, LYDICK, JOHNSON. and GORDON. JJ., concur.