**STATE ex rel. BOATMAN, County Atty., et al. v. DISTRICT COURT OF OKMULGEE COUNTY et al.**

No. 17809—Opinion Filed Nov. 23, 1926.

(Syllabus.)

**1. Prohibition—When Writ Proper Against Inferior Court.**

Prohibition is a proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it.

**2. Same — Unauthorized Interference by Court with Tax-Assessing Officers.**

The general policy of the laws of this state regarding the listing and assessing of property for taxes has been to provide the owner of the property with a remedy by appeal, and said remedy is exclusive, and courts of equity are without jurisdiction to enjoin and restrain the proper officers from listing or assessing of said property, unless the acts of the officers are without authority of law. Held, prohibition will lie against the district court, when it attempts to enjoin or restrain the proper officer from proceeding in matters properly before said officer, and over which said officer has jurisdiction.

Original action by the State of Oklahoma on the relation of A. N. Boatman, County Attorney of Okmulgee County; on relation of J. R. Jones, County Treasurer of Okmulgee County; on relation of Bert C. Hodges, and on relation of Board of County Commissioners of Okmulgee County, against Honorable James Hepburn, Judge of the District Court of Okmulgee County, for writ of prohibition. Writ granted.

A. N. Boatman, County Attorney of Okmulgee County, and R. W. Stoutz, for petitioners.

Arthur H. McLain, Ephraim H. Foster, Chas. B. Steele, and Ben F. Mooring, for respondents.

PHELPS, J. This is an original action filed in this court, wherein a writ of prohibition is sought; the facts, briefly stated, being as follows:

J. R. Jones is the county treasurer of Okmulgee county, and Bert C. Hodges is the tax ferret employed by the board of county commissioners of Okmulgee county under the provisions of section 9798, Comp. Stats. 1921, and as such tax ferret, Hodges filed information with said county treasurer that J. J. Deaner and J. B. Jameson had property subjected to taxation in Okmulgee county which had not been listed and assessed. The time and place for hearing the application to list such property was fixed by said county treasurer and notice given Deaner and Jameson. Whereupon, they filed their action in the district court of Okmulgee county praying for an injunction enjoining said county treasurer, the tax ferret, and the board of county commissioners, by whose authority the tax ferret was employed, from taking steps to list and assess the property claimed by such tax ferret to have been omitted. A restraining order was issued by Honorable James Hepburn, district judge, restraining such county officers from proceeding with the listing and assessing of such property, and time and place fixed for hearing plaintiffs' application for a temporary injunction.

Whereupon, the plaintiffs in the instant action make application to this court to prohibit the Honorable James Hepburn, as such district judge, from interfering with the hearing and determining of the question as to whether the alleged omitted property should be listed and assessed.

It is the contention of petitioners that section 9799, Comp. Stats. 1921, providing that from the action of the county treasurer in such matters, an appeal may be taken to the county court, and from the action of the county court an appeal may be taken to the Supreme Court, provides an adequate, complete, and exclusive method of procedure in such matters, and that the equity powers of the district court may not be invoked as a substitute for the procedure laid down in sections 9798 and 9799, supra.

Extensive briefs and arguments have been filed by counsel for both sides, and authorities tending to support the contention of each side generously cited, but as we view it, the course we should follow is so well laid out and prescribed in the rule laid down by this court in Payne, County Treasurer, v. Speakman, District Judge, 96 Okla. 170, 221 Pac. 9, that further citation of authorities or discussion of the logic and reason therein used merely consumes time and space and is unnecessary. In that case the facts were substantially identical with the facts here, and this court, speaking through Mr. Justice McNeill, used the following language:

"Having reached this conclusion, the only other question necessary to consider is whether the acts of the district court amount to an unauthorized application of judicial force, in a case otherwise cognizable by it, and

should the writ of prohibition be made permanent. Having concluded that the county treasurer had jurisdiction of the proceedings, and the parties are afforded a remedy by appeal, any attempt by the district court to interfere or hamper that tribunal in performing the duty and function of its office or to regulate the same amounts to judicial force. That prohibition will lie to an inferior court when attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it has been decided by this court in the case of Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293; Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687. See, also, Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498.

"We therefore conclude that the petition filed by the various parties against the county treasurer failed to state a cause of action and failed to allege facts that disclosed the county treasurer was proceeding without authority. On the other hand, the petition disclosed upon its face that the county treasurer had jurisdiction over the matters pending before him."

In that case, as in this case, the contention was made that prohibition would not lie because the defendants had a remedy by appeal, and this court further said:

"The remedy by appeal is not adequate to a county treasurer nor the taxing officials of the state. In this manner taxpayers might use the arm of the law to prevent the various municipalities from functioning by injunction proceedings by preventing the raising of revenue to run the said municipalities. This is against the spirit and policy of the law of this state."

The rule laid down in this case was cited with approval and followed by this court in Payne v. Smith, 107 Okla. 165, 231 Pac. 469, and also in Tucker v. District Court, 108 Okla. 198, 235 Pac. 610.

Respondents contend that the rule announced in Payne v. Speakman, supra, is in conflict with the rule laid down in Weatherford Milling Co. v. Duncan. 42 Okla. 242. 140 Pac. 1184. Our only answer to that contention is, if there be a conflict, we feel it our duty to follow the reasoning and rule laid down in the later case, desiring to make it plain that where an inferior court has jurisdiction or is not attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it, prohibition will not be substituted for the remedy by appeal, but, where there is a lack of jurisdiction, or where the inferior court is attempting to make an excessive and unauthorized application of judicial force, the complaining party is not required to submit himself to such court and be compelled to expend effort. time, and consequent cost of litigation, but may invoke the remedy of writ of prohibition. And, following the rule laid down in Payne v. Speakman, supra, we conclude in the instant case that the county treasurer had jurisdiction over the proceedings and the parties are afforded a remedy by appeal, and any attempt by the district court to interfere with the procedure provided by sections 9798 and 9799, supra, amounts to an unauthorized application of judicial force.

It is further contended by counsel for respondents that article 13 of chapter 84, Comp. Stats. 1921, providing for the employment of a tax ferret, was repealed by the Act of the 1925 Legislature, approved March 28, 1925 (Session Laws 1925, page 278), but an examination of this amendment convinces us that such contention is without merit.

It is, therefore, ordered that the writ of prohibition issue; that the district court of Okmulgee county be prohibited from proceeding further in the case pending before it, except to dissolve and set aside its restraining order.

NICHOLSON. C. J.. BRANSON, V. C. J., and MASON, LESTER, HUNT. CLARK, and RILEY, JJ., concur.