Note.—See under (1) 39 C. J. p. 459, §576; anno. L. R. A. 1916F, pp. 955, 564; 18 R. C. L. p. 617; 3 R. C. L. Supp. p. 832. (2) 39 C. J. p. 461, §576 (Anno); 18 R. C. L. p. 604; 5 R. C. L. Supp. p. 994. (3) 38 Cyc. pp. 1543, 1547, 1548; 21 R. C. L. p. 506; 3 R. C. L. Supp. p. 1163; 4 R. C. L. Supp. p. 1418; 5 R. C. L. Supp. p. 1162; 6 R. C. L. Supp. p. 1271. (4) 39 C. J. p. 1087, §1280.

---

**ALBERTY et al. v. PARKS, Dist. Judge, et al.**

No. 18880. Opinion Filed Dec. 13, 1927.

(Syllabus.)

1. **Prohibition — When Proper Remedy Against Inferior Court.**

"Prohibition is the proper remedy, where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings." Kincannon v. Pugh. 114 Okla. 90, 243 Pac. 945.

2. **Same—When Unnecessary to Call Inferior Court's Attention to Lack of Jurisdiction as Prerequisite to Application for Writ.**

"It is a rule generally observed by the courts that an application for a writ of prohibition restraining an inferior court from proceeding in a cause will not be entertained until lack of jurisdiction of the cause is called to the attention of the court in some manner. However, this rule is subject to well-defined exceptions, as where no opportunity was given the applicant to object to the jurisdiction of the court, or where the lack of jurisdiction is apparent on the face of the proceedings, or where the intention of the inferior court to act beyond its jurisdiction is made apparent, and it is obvious from the whole proceedings that such an application would be futile, or where it is shown that the necessary delay would be highly injurious to the interest of the applicant." Kincannon v. Pugh, 114 Okla. 90, 243 Pac. 945.

3. **Schools and School Districts—Removal of Officers—Improper Action by Private Citizens.**

The procedure for removing from office members of a school board is as provided by law for removal of officers generally, and the district courts of this state are without jurisdiction to entertain an action for such removal on petition filed by private citizens.

Commissioners' Opinion, Division No. 2.

Original action by T. B. Alberty et al. against J. T. Parks, District Judge, et al., for writ of prohibition. Writ granted.

W. A. Scofield, for petitioners.

Pete Helton and W. L. Chase, for respondents.

HERR, C. This is an original action filed in this court, wherein a writ of prohibition is sought by petitioners against J. T. Parks, district judge of Adair county, Dan Grigsby, Marion Edgemon, and Grace Bean, prohibiting and restraining them from further proceedings and assuming jurisdiction in case No. 2792, pending in the district court of said county.

On the 23rd day of September, 1927, the three last named respondents filed an action in said court against G. G. Whitmore and Ben Knight, who were then members of the school board of school district No 34, Adair county, praying for their removal from office, and a restraining order restraining them from signing, issues or delivering warrants against said district for any purpose whatsoever.

It is alleged in the petition that the defendants are incompetent, illiterate, and unable to read the English language, and are using their office to further their individual interests; that they fraudulently procured their election, and immediately thereafter, by unfair and fraudulent means, procured the employment of two teachers to teach in the public schools of said district.

. It is further alleged that prior thereto, the then existing school board had already employed one Ruth Hines as one of the teachers in said school district, all of which was known to said defendants, and that, by reason of their acts in so employing said teachers, a double liability had been created against said school district. Other general allegations of fraud and misconduct are made against the defendants, but no specific acts constituting such fraud and misconduct are set forth. The prayer of the petition is for removal of defendants from office, and for restraining order as above set forth.

A restraining order was issued on the same day the petition was filed, without notice to defendants, restraining the said defendants, until further order of the court, from issuing, signing or delivering any warrants or other evidence of indebtedness purporting to bind said school district No. 34. Shortly after the service of this restraining order on defendants, the said defendants resigned from the school board, and petitioners were appointed in their stead. Immediately after their appointment, on oral motion of the plaintiffs in the removal suit and without notice to petitioners, said petitioners were made parties defendant to said removal suit, and a restraining order embodying the same terms as set forth in the original order was served upon them.

We are of the opinion that the court was without jurisdiction to make any order in the case. The main action was an action by private individuals as taxpayers to remove defendants from office. It is clear that the court is without jurisdiction to entertain this action. The procedure for removing members of a school board from office is by accusation returned by a grand jury, as provided by section 2395, C. O. S. 1921, for causes mentioned in section 2394; by the board of county commissioners, as provided by section 2407; or by proceedings instituted by the Attorney General, as provided by section 2414, for causes mentioned in section 2413.

The statute does not authorize the removal of members of a school board from office on petition filed by private citizens.

The court, being without jurisdiction to hear and try the main action, was without jurisdiction to issue an interlocutory order therein.

It is contended by respondents that petitioners have an adequate remedy by appeal, and that a writ of prohibition should not, therefore, be awarded, citing the following cases: Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313; Pioneer Tel. & Tel. Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207; Spradling v. Hudson, 45 Okla. 767, 146 Pac. 588.

We are, however, of the opinion that this case is governed by the rule laid down in the following cases: State v. Dist. Court, Okmulgee Co., 122 Okla. 69, 250 Pac. 1023; Payne, Co. Treas., v. Speakman, Dist. Judge, 96 Okla. 170, 221 Pac. 9; Kincannon v. Pugh, 114 Okla. 90, 243 Pac. 945. The rule announced in these cases is as follows:

"Prohibition is the proper remedy, where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings."

It is apparent in this case that the court, in a case over which it had no jurisdiction and in which the school district was not a party, without notice to the district, issued a restraining order, the effect of which is to close the public schools of the district. It occurs to us, in this case, that there is clearly shown an attempt to make an excessive and unauthorized application of judicial force.

We recommend that the writ issue.

BENNETT, DIFFENDAFFER, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.