Jean L'ACQUARIUS, Petitioner,

v.

The Honorable Don H. HAMPTON, District Judge 19th Judicial District; and Jan Eric Cartwright, Attorney General and Larry Stuart, District Attorney, Osage County, Respondents.

No. 57739.

Supreme Court of Oklahoma.

March 9, 1982.

As Corrected April 5, 1982.

Rodney McDaniel, Jean L'Acquarius, pro se.

Don H. Hampton, Pawhuska, Jan Eric Cartwright, Atty. Gen., Oklahoma City, Larry Stuart, Dist. Atty., Pawhuska, pro se.

## MEMORANDUM DECISION

### PER CURIAM:

Petitioner, inmate of the Department of Corrections, together with four other inmates, filed a singular pro se petition in the District Court of Osage County seeking ouster of various officials and employees of the Oklahoma Department of Corrections at the Hominy facility. Allegations were made by the inmates that the officials and employees should be removed from office because of alleged maladministration and alleged criminal conduct.

The instant original action requests this Court assume original jurisdiction and issue a writ of mandamus requiring respondent District Judge to disqualify himself; requiring both the Attorney General and the District Attorney to prosecute the inmate's pro se action, or alternatively, to appoint a special prosecutor to investigate and prosecute the ouster petition.

 Proceedings to remove public officials and officers may be had only in the following manner: (1) Impeachment under the provisions of Art. VIII, § 1, Okla. Const., 51 O.S.1971, § 51 et seq.; (2) Accusation for removal from office presented by a grand jury pursuant to 22 O.S.1971, § 1181 et seq., (3) In case of a county or township officer, an accusation presented by the county commissioners, 22 O.S.1971, § 1194; and (4) Proceedings instituted by the Attorney General under the provisions. of 51 O.S.1971, § 91 et seq., at the direction of the Governor or upon notice in writing verified by five or more reputable citizens of the county. Inmates incarcerated in state penal institutions for convictions of felonies are not "reputable citizens of the county" within the meaning of 51 O.S.1971, § 94.

 Aside from Art. VII–A, Okla.Const. and 51 O.S.1981, § 24.1, the above cited constitutional and statutory provisions are exclusive. The district court is without jurisdiction to entertain an ouster action on petition filed in the district court by private citizens. *Alberty, et al. v. Parks, Dist. Judge,* 128 Okl. 178, 261 P. 940 (1928).

Therefore, we refuse to assume original jurisdiction.

All the Justices concur.