[No. 9642.   Department Two. — November 23, 1886.]

## IN THE MATTER OF THE ESTATE OF MARGARET PHILLIPS, DECEASED.

ESTATE OF DECEDENT — ASSIGNMENT OF LEGACY AS SECURITY — BONA FIDE ASSIGNEE ENTITLED TO DISTRIBUTION. — Pending the settlement of the estate of a deceased testator, a legatee who had been bequeathed a sum of money, assigned all his interest therein as security for a promissory note due from him to the assignee. The assignment authorized the assignee to receive and receipt for all the interest of the assignor in the estate, and to discharge the indebtedness therefrom. The assignee subsequently assigned the note and security to the respondent, who immediately notified the administrator thereof, and filed the same in court among the papers of the estate. Thereafter the legatee made another assignment of his interest in the estate to the appellant, who had notice of the prior assignment. Upon the settlement of the estate, the respondent petitioned to have the amount due upon the note distributed to him out of the share of the assignor. The appellant contested the application on the ground that an action was then pending against the original assignee to set aside the assignment to him. At the hearing of the application, it appeared that the action had been commenced five days previously, that the appellant was not a party thereto, and that the summons therein had not been served on or appearance made by the original assignee. The note in question was given for a valuable consideration, and was untainted by fraud. Held, that the respondent was entitled to have distributed to him so much of the share of the legatee in the estate as might be due on the note at the time of distribution, and that the appellant was entitled to the distribution of the remainder.

APPEAL from an order of the Superior Court of Sonoma County distributing the estate of a deceased person.

The facts are stated in the opinion.

*Charles F. Hanlon*, for Appellant.

*J. T. Campbell*, and *A. W. Thompson*, for Respondent.

FOOTE, C. — Margaret Phillips died on the twelfth day of December, 1882, leaving a will, which was probated, and an administrator with the will annexed appointed.

The estate was composed of $17,963 in money, of which the sum of $6,000 was bequeathed to one William R. Johnson, who on the first day of December, 1883, borrowed of one Joyce $425, executing and delivering therefor his promissory note for such amount, and securing its payment by a written instrument reading as follows: —

" Know all men by these presents, that I, William R. Johnson, of the city of Petaluma, county of Sonoma, state of California, the party of the first part, for and in consideration of the sum of $425, gold coin of the United States, in hand paid by Martin Joyce, of the same place, party of the second part, the receipt whereof is hereby acknowledged, have bargained, sold, and conveyed, and by these presents do bargain, sell, convey, assign, and transfer, unto said party of the second part all and singular my rights, titles, and interests of any and all kinds of, in, and to the estate of Margaret Phillips, deceased, and each and every part and parcel thereof, and the property of any and all kinds belonging to said estate.

" And I do hereby nominate and appoint said party of the second part my attorney in fact, and irrevocably (except as herein provided, on payment of the promissory note hereinafter mentioned) for me, and in my name, place, and stead, to receive, receipt for, take, and have all my share, part, and interest in said estate and the property thereof. The foregoing transfer, conveyance, and assignment is made for and as security to secure payment of a certain promissory note for $425, bearing even date herewith, of which the following is a copy: —

" ' $425.          PETALUMA, December 1, 1883.

" ' On demand, for value received, I promise to pay to Martin Joyce, or order, the sum of $425, with interest from date till paid, at the rate of one per cent per month, payable in United States gold coin.

" ' WM. R. JOHNSON.'

" And upon full payment thereof, principal and interest, this assignment to become void; the said party of the second part, under the foregoing assignment and power, to collect and receive the principal and interest due upon said note.

" In witness whereof the party of the first part has hereunto set his hand and seal, this the first day of December, A. D. 1883.

          [Seal]                    "WM. R. JOHNSON."

On the eighth day of December, 1883, as the record discloses, this note and security were assigned for value to one Hill, the respondent here, who thereupon duly notified the administrator of the assignment and transfer, and filed the same among the papers in the court having jurisdiction of the probate of the will.

On the seventeenth day of December, 1883, Johnson made another assignment of his interest in the estate to his sister, who is the appellant here. The assignment is in due form.

On the 18th of December, 1883, she notified the administrator of the assignment made to her and filed it.

On the first day of February, 1884, she filed her petition for distribution, claiming all that had been bequeathed to her brother, William R. Johnson, admitting notice of the Joyce assignment and note, and averring that a suit had been instituted in another court to set it aside, but not stating by whom instituted. She prayed that the matter of the Joyce assignment be settled in the court having jurisdiction of the estate of the decedent, and made no claim to have such proceedings stayed to

await the determination of the suit to set aside the note and assignment.

Before the filing of her petition the administrator had filed his final account, and petition for distribution. The assignee, Hill, duly filed his petition to have the amount of the note and interest distributed to him out of Johnson's share of the estate.

Upon the three petitions, the matter of distribution was heard before the Superior Court of Sonoma County.

The trial resulted in the distribution to Hill, from Johnson's share, of the amount due upon the note, and interest, and the balance to his sister, the appellant here.

The due execution of the note to Joyce, and that it was for value, and that the assignment to him was for value, and duly made, executed, and delivered, served on the administrator, and filed in court, was admitted by counsel for the appellant.

This trial was had on the fourth day of February, 1884, and by the record it appears that the action to cancel the note was commenced by the appellant on the thirtieth day of January, 1884, five days before the trial, and against Joyce, not Hill, the then assignee, and that no service of the summons or complaint therein had been had, and no plea or appearance made or had by the defendant Joyce therein.

It does not appear from the record precisely what the grounds of the suit for cancellation of the note were. According to the admissions of the appellant's attorney, the note was made for value, and no fraud appears to have tainted it. The appellant contends, however, that the assignment conveyed no interest in the estate to Joyce, or his assignee, Hill, but was a mortgage, with a defeasance to secure a debt without authority to pay it; that neither of such parties were the grantees of W. R. Johnson, and therefore not entitled to have any distribution made to them directly.

And that the plea of *lis pendens* was sustained by the evidence, and should have been held good.

As we view the matter, the assignment and note, taken together, transferred to any *bona fide* assignee thereof the legal title to so much of the money bequeathed to Johnson as should be due on the note when the distribution was made, and that therefore, so far as that matter is concerned, Hill was entitled to that which the court awarded him. A similar assignment and decree for the distribution of money, as distinguished from real property, was upheld in *Estate of Hite*, Myrick's Prob. Rep. 232, and as we think, properly.

There certainly was no other suit pending to which Hill was a party, nor does the record sufficiently disclose that any other was pending which could affect the rights of the parties to the proceedings in the matter of the distribution.

For the petition which assumes to allege the pending suit as a bar to the respondent's right does not state who the parties to that action were, or the grounds upon which it was based. The evidence does not show that Hill was a party to that suit, but, to the contrary, that it was brought against Joyce, and there is no pretense made therein but what the note was made for a valuable consideration, and without fraud.

To us it is clear that Hill was entitled to that which the court awarded him, and we perceive no ground, either legal or equitable, upon which to reverse the decree of that tribunal.

It and the order denying a new trial should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.