**CITY OF TULSA et al. v. CORPORATION COMMISSION et al.**

No. 12966—Opinion Filed Oct. 3, 1922.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

1. **Corporation Commission—Scope of Jurisdiction.**

The Corporation Commission of this state has such jurisdiction and authority only as is expressly or by necessary implication conferred upon it by the Constitution and the statutes. Oklahoma City et al. v. Corporation Commission et al., 80 Okla. 194, 195 Pac. 498.

2. **Street Railroads—Right to Construct on Streets—Constitutional Provision.**

No law shall be passed by the Legislature granting the right to construct and operate a street railroad within any city, town, or village, or upon any public highway, without first acquiring the consent of the local authorities having control of the street or highway proposed to be occupied by such street railroad. Section 10 of article 9 of the Constitution of Oklahoma.

3. **Same—Jurisdiction of Corporation Commission as to Location of Tracks.**

The Corporation Commission is not granted any authority by the Constitution of Oklahoma to order a street railroad to remove its line of railroad from one street where it has a franchise to another street in the said city where it does not have a franchise,

and any such order so made by the Corporation Commission exceeds its jurisdiction and is void.

4. **Corporation Commission—Powers—Subject to Writs of Mandamus and Prohibition—Constitutional Provision.**

No court of this state (except the Supreme Court, by way of appeals as herein authorized) shall have jurisdiction to review, reverse, correct, or annul any action of the commission in the performance of its official duties; Provided, however, that the writs of mandamus and prohibition shall lie from the Supreme Court to the commission in all cases where such writs, respectively, would lie to any inferior court or officer. (A part of section 20 of article 9 of the Constitution of Oklahoma.)

5. **Prohibition—Right to Writ.**

Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient. Oklahoma City et al. v. Corporation Commission et al., 80 Okla. 194, 195 Pac. 498.

Original proceeding instituted in the Supreme Court by the City of Tulsa, a municipal corporation, et al., asking for writ of prohibition to issue against the Corporation Commission of the State of Oklahoma, and certain other defendants. Writ granted.

Frank E. Duncan, W. B. Robinson, Randolph, Haver & Shirk, and H. M. Gray, for plaintiffs.

Biddison & Campbell, for defendants.

MILLER, J. This was an original proceeding instituted in this court by the city of Tulsa, a municipal corporation, and 20 or more individuals, as plaintiffs, filing an application for a writ of prohibition to issue against the Corporation Commission of the state of Oklahoma. Oklahoma Union Railway Company, a corporation, and Tulsa Street Railway Company, a corporation, as defendants, to prohibit the said Corporation Commission from enforcing and said railway companies from putting into effect a certain order made by the Corporation Commission on the 7th day of January, 1922, which order, omitting the recitals of facts and special findings of facts, reads as follows:

"* * * Wherefore, the commission being fully advised in the premises and having given full consideration to the facts:

"It is Hereby Ordered, that the Oklahoma Union Railway Company remove its line from St. Louis avenue south of Eleventh street in the city of Tulsa to Eleventh street eastward from the corner of St. Louis ave-

nue and Eleventh street, within 30 days from date of this order. and thereafter extend the same eastward on said Eleventh street to College avenue; provided, that before crossing the tracks of the M., K. & T. Railway Company, approval shall be secured from this commission of plans and specifications for such crossing.

"It is Further Ordered, that should the city of Tulsa grant permission to the Tulsa Street Railway Company to extend its line southward or eastward from the corner of Fifteenth street and Quincy avenue. service shall be extended to said section within 30 days. from date of such permission. without extra fare, and with free transfer from the existing line of said company to such extension, should change of cars or carriage be necessary to enable the patrons of said street car company to avail themselves of service over such extension.

"Done at Oklahoma City, Okla., this 7th day of January, 1922.

"Corporation Commission of Oklahoma,
"Campbell Russell, Chairman,
"A. W. L. Walker, Commissioner.

"Attest:
"G. F. Smith."

Thereafter. on January 11, 1922, this court issued an alternative writ of prohibition.

The respective parties in their briefs concede that the question of the power of the Corporation Commission to make the foregoing order is the fundamental proposition in this case. The defendants have cited a number of decisions which they claim support their contention that the Corporation Commission has the power and authority to make the order complained of. We have examined each and all of these authorities, and are unable to find that any of them upholds their contention. We think the question of their authority is clearly determined by the Constitution of the state of Oklahoma. The only authority granted by the Constitution to the Corporation Commission under which the defendants claim the right to make the order complained of is found in section 18 of article 9 of the Constitution of Oklahoma, and they quote the part of said section upon which they rely as follows:

"The commission shall have the power and authority and be charged with the duty of supervising, regulating. and controlling all transportation and transmission companies doing business in this state, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the commission shall, from time to time, prescribe and enforce against such companies. in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service. facilities and conveniences as may be reasonable and just. which said rates, charges, classifications, rules, regulations, and requirements, the commission may, from time to time, alter or amend."

We are unable to find anything in said section of the Constitution which authorizes the Corporation Commission to order a street railway company to tear up its lines on certain streets and rebuild its lines on certain other streets. Neither do we find that the Corporation Commission has any authority to order a street railway company to build a line on a street where it does not have a franchise. The application for the writ of prohibition is duly verified, and alleges that the railway company does not have a franchise in the city of Tulsa to lay its lines on the streets covered by the order of the Corporation Commission. This is not denied by the defendants. This part of the order is in direct conflict with section 10 of article 9 of the Constitution of Oklahoma, which reads as follows:

"No law shall be passed by the Legislature granting the right to construct and operate a street railroad within any city, town, or village, or upon any public highway, without first acquiring the consent of the local authorities having control of the street or highway proposed to be occupied by such street railroad."

The defendants next contend that prohibition is not the proper remedy, and assume that all things sought to be prohibited have already been done and performed. This assumption is not well founded. The record discloses that when the order was made by the Corporation Commission the defendant Oklahoma Union Railway Company immediately began tearing up its line and had torn up part of it before the alternative writ of prohibition was granted.

Section 20 of article 9 of the Constitution of Oklahoma authorizes the Supreme Court to issue a writ of prohibition against the Corporation Commission. The last part of said section reads as follows:

"* * * No court of this state (except the Supreme Court, by way of appeals as herein authorized) shall have jurisdiction to review, reverse, correct, or annul any action of the commission within the scope of its authority, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties: Provded, however, that the writs of mandamus and prohibition shall lie from the Supreme Court to the commission in all cases where such writs, respectively. would lie to any inferior court or officer."

It is well settled that prohibition is the

proper remedy to prevent an inferior court or tribunal from exercising judicial power not granted by law.

In Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498, this court, in paragraphs 1 and 8 of the syllabus, said:

"1. Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

"8. The Corporation Commission has no authority to make an order requiring the consumers of gas to pay an additional sum over and above a fixed rate, for the purpose of creating a special fund, called a patrons' fund, which may be used in the future by the public service corporation with the consent and agreement of the Corporation Commission to build additional lines and compressor stations. The commission having no authority to make said order, the same is void, and prohibition will lie to enjoin the enforcement thereof."

See, also, A., T. & S. F. Ry. Co. v. Corporation Commission of Oklahoma, 68 Okla. 1, 170 Pac 1156; State ex rel. Monahawee v. Hazelwood, 81 Okla. 69 196 Pac. 937; Parmenter v Rowe, 87 Okla. 158, 200 Pac. 683; Jeter v. District Court of Tulsa County et al., 87 Okla. 3, 206 Pac. 831.

The order of the Corporation Commission being void, said Corporation Commission and the other defendants are hereby prohibited from putting said order or any part thereof into force and effect or doing or performing any acts under or by virtue of said order, and said defendants Oklahoma Union Railway Company are likewise prohibited from interfering with the street railway service as it existed and was maintained prior to January 7, 1922, on any of the lines included in said order. That if either of said defendant railway companies, acting upon such order, have in any way impaired said lines or the service theretofore rendered, it is hereby ordered and directed to within five days restore such line and service to the full efficiency maintained on such line prior to January 7, 1922.

KANE, JOHNSON, McNEILL, and KENNAMER, JJ., concur.