**TUCKER et al. v. DISTRICT COURT et al.**

No. 16137—Opinion Filed April 14, 1925.

(Syllabus.)

**Prohibition—Preventing District Court from Improperly Assuming Jurisdiction of Guardian's Appeal.**

Where a former guardian attempts to appeal from the finding and judgment against him in the county court, and no appeal bond is executed and filed within the time required by statute, the district court acquires no jurisdiction of such cause, and where the district court proceeds to exercise its powers therein, a writ of prohibition may be invoked to arrest the action of the district court.

Application for Writ of Prohibition.

Action by Luther Tucker and others against the District Court of Muskogee County and another. Writ granted.

Lydick, McPherren & Wilson and Broaddus & Ambrister, for petitioners.

Guy F. Nelson, for respondents.

LESTER, J. This is an original action commenced in this court by Luther Tucker, a minor, by his guardians, Lewis B. Malone and Harry Smith, and Lewis B. Malone and Harry Smith, as guardians of Luther Tucker, a minor, against the district court of Oklahoma, Muskogee county, the Honorable O. H. Searcy, judge thereof, and Art Harris, for a writ of prohibition enjoining and restraining said court from proceeding or assuming jurisdiction in an action pending in said court entitled: "In the Matter of the Hearing of the Final Report of Art Harris, Guardian of Luther Tucker, No. 14698."

The facts grew out of, and are practically the same as in the case of W. W. Cotton, Judge of the County Court of Muskogee County, Okla., v. Art Harris, No. 16116, this day decided, in which this court held that the writ of mandamus which was issued by the district court of Muskogee county, Okla., requiring W. W. Cotton, county judge of Muskogee county, Okla., to approve an appeal bond, was erroneously issued, for the reason that said plaintiff failed to execute and file an appeal bond within the time required by law, nor was there a request made of the county judge to fix an appeal bond within the time required by law.

Having disposed of the case which involved the failure of Art Harris, as guardian of Luther Tucker, to execute and file an appeal bond, wherein he sought to appeal from the finding and judgment of the county court, as required by statute, in case No. 16116, there is but one question to be considered and determined in this case, to wit: Is the plaintiff entitled to a writ of prohibition to prevent the district court from further proceeding in cause No. 14698, pending in the district court of Muskogee county, Okla., wherein Art Harris, as former guardian of Luther Tucker, a minor, attempts to appeal to the said court with-

out executing and filing an appeal bond as required by statute, and not being excused from its requirement by reason of an unavoidable casualty? The respondent insists that as the petitioner has the right of an appeal from any judgment that might be entered in the district court adverse to the petitioner, the petitioner has an adequate remedy at law, and therefore the petitioner is precluded from invoking the writ of prohibition.

"Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient." City of Tulsa v. Corporation Commission, 96 Okla. 180, 221 Pac. 1000.

In the case of Payne, County Treas., v. Speakman, District Judge, 96 Okla. 170, 221 Pac. 9, the court said:

"That prohibition will lie to an inferior court, when attempting to make an excessive and unauthorized application of judicial force in a case otherwise cognizable by it has been decided by this court in the cases of Yarh la v. Duling, 86 Okla. 171, 207 Pac. 292; Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687."

We cannot agree with the proposition that where the court is acting without jurisdiction a party must submit himself to such court and be compelled to expend effort, time, and the consequent cost of litigation, and if the findings of the court should be adverse, then be put to the inconvenience of an appeal. We think that where a proper showing has been made that the court is proceeding in a cause without jurisdiction, the writ of prohibition is a proper remedy to arrest the action of such court.

For the reasons stated, it is ordered that the writ of prohibition be issued, and that the district court be prohibited from further proceeding in said cause, except as to the directions given in case No. 16116, being the case which was on this day decided by this court.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1180, § 1253; 32 Cyc. p. 607.