## DILLARD et al. v. FRANKLIN et al.

No. 26192. April 7, 1936.

Rehearing Denied May 12, 1936.

Wm. G. Davisson, for plaintiffs in error.

Sigler & Jackson and Ledbetter & Ledbetter, for defendants in error.

PER CURIAM. This action was instituted in the district court of Jefferson county, on the 21st day of July, 1934, by the defendants in error against the plaintiff in error, and seeks the appointment of receivers for the estate of Josiah Hamilton Dillard, deceased. This petition was subsequently amended and a hearing was had upon said petition at which time the district court appointed two receivers to take charge of the assets of said estate and of one-fourth interest in certain oil royalties devised by Josiah Hamilton Dillard, deceased, to Jerry Hamilton Dillard, and one-fourth interest in

the same royalties, devised by the said Josiah Hamilton Dillard, deceased, to James Houston Dillard. The court appointed Guy Green and E. B. Anderson, of Waurika, as receivers, and directed them to take immediate possession of all of the estate of Josiah Hamilton Dillard and to take charge of the royalties aforementioned. Subsequent to the appointment of the receivers, the plaintiffs in error moved the court to vacate and set aside said appointment, and from an order of the court refusing to vacate the appointment, this appeal is taken.

It appears from the facts in said case that Josiah Hamilton Dillard made a will whereby and wherein he disposed of his entire estate, making certain specific bequests and leaving the balance of the estate to Vida Dillard, his wife. In said will, he created a trust fund for his two minor sons, James Houston Dillard and Jerry Hamilton Dillard, in the sum of $150,000, directing that said amount be paid to Thomas Norman, whom he designated and appointed guardian of the estates of these two minors, and the will further provided that in the event of Thomas Norman's death or inability to serve, then Luke Jackson and J. H. Harper were to be appointed guardians, jointly. The will further made provision for the handling of said trust estate.

From the evidence, it appears that Josiah Hamilton Dillard departed this life, a resident of Jefferson county, on the 29th day of September, 1927; that he left surviving him Minnie Franklin, Cub F. Dillard, L. H. Dillard, Joe C. Dillard, W. Guy Dillard, Douglas H. Dillard, Kermit C. Dillard, Mamie Rufus, nee Dillard. Vella Mathews, nee Dillard, all children by a former marriage and all of whom are mentioned and provided for in said will aforesaid; that he also left surviving him his widow, Vida Dillard, and two minor children by the said Vida Dillard, named James Houston Dillard and Jerry Hamilton Dillard; that a probate of said estate was filed and the will filed for probate; that some of the children by his first wife contested the probate of said will and sought to break the same, and that said contest was appealed to this court, and the will finally admitted to probate. The probate court having admitted it to probate, an appeal was taken therefrom to the district court, where it was again held that it was entitled to probate, and finally this court held that it was entitled to probate. This litigation consumed a period of some four and one-half years.

It further appears that all of the specific bequests have been fully paid, with the exception of the trust fund of $150,000, and that a portion of said trust fund has been set aside. It further appears that at the time of the death of the deceased, there was sufficient cash on hand to have set aside this trust fund of $150,000, but that the litigation was expensive and a portion of the cash on hand was used in the payment of the cost of litigation, taxes, etc. It further appears that the will does not state any time within which the trust fund is to be created.

Minnie Franklin and Cub F. Dillard, two children of the deceased by a former wife, instituted the present action for and on behalf of Jerry Hamilton Dillard and James Houston Dillard the two minor sons of Vida Dillard and the deceased, contending that as executrix of the estate, Vida Dillard was dissipating the funds and not setting aside the trust fund, and further claimed that Harmon Ebey, the guardian of the estates of Jerry Hamilton Dillard and James Houston Dillard, was mismanaging said estates and that a receiver should be appointed therefor, further claiming that the district court should construe the will of the deceased. It appears that Harmon Ebey is the now duly appointed qualified, and acting guardian, the former guardians having been removed. It appears that the probate court is still administering said estate; that no attempt has been made in said probate court to remove either the executrix or the guardian.

Upon a hearing of the issues, the trial court appointed two receivers of said properties above described, and an application was duly made thereafter to vacate said order, and from an order overruling and denying the motion to vacate, this appeal is perfected.

The evidence in this case further discloses that the defendants in error, who appear as next friends for the two minors were involved in the contest of the probate of said will, which said contest cost the estate a considerable amount of money. It further appears that these parties have made a full and complete settlement of their claims and have received the benefits accruing to them under and by virtue of said will. It further appears that the two minors involved are half brothers of Minnie Franklin and Cub F. Dillard, and that they are the children of Josiah Hamilton Dillard, deceased, and Vida Dillard, the executrix; that said children have a large income from said estate; that they reside with their mother, Vida

Dillard and it further appears that save and except for the contest of said will above referred to, there would have been sufficient cash on hand to have set aside this trust fund; that the mother uses her own funds for the support and maintenance of said children, and that it would be impossible to set aside this cash trust fund without disposing of a large portion of the estate by sale, and that a sale would not be advantageous, as the property would have to be sold at a considerable discount due to the depression; that if a sale were made of sufficient property to set up this cash trust fund, that, in all probability, there would not be enough of the estate left to provide for the widow.

In spite of these facts, the defendants in error contend that a receiver should be appointed by the district court to take charge of the assets of said estate and the royalties belonging to the two minor children, which are now in the hands of their guardian. The plaintiffs in error contend that the probate court has exclusive jurisdiction of this matter and that the district court, therefore, has no jurisdiction whatsoever to appoint a receiver of either the assets of said estate or the royalties in the hands of said guardian, whereas the defendants in error contend that it is not an appointment of a receiver for the assets of said estate, but the appointment of a receiver to take charge of the trust fund.

In the order appointing said receivers, which was made by the trial court, we find the following:

"It is, therefore, ordered, adjudged and decreed, by the court, that Guy Green, of Waurika, Okla., and E. B. Anderson, of Waurika, Okla., be and they are hereby appointed joint receivers of the estate of Josiah Hamilton Dillard deceased, and of the royalty interests devised by Josiah Hamilton Dillard to James Houston Dillard and Jerry Hamilton Dillard, as above referred to."

We think that the trial court clearly committed error in assuming jurisdiction of this matter, and we feel that, in view of the fact that it is our opinion that the trial court had no jurisdiction to appoint receivers, either of the assets of the estate of Josiah Hamilton Dillard, deceased, or of the royalties in the hands of the guardian of the minor children this disposes of all issues in the case and makes unnecessary any consideration of the other assignments of error.

Sections 12 and 13 of article 7 of the Constitution of the state of Oklahoma contain the following provisions relative to the jurisdiction of the probate court:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters.

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof."

And sections 1067 and 1071, Okla. Stats. 1931 read as follows:

"The county court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases, and in the manner prescribed by statute:

"First. To open and receive proof of last wills and testaments, and to admit them to proof and to revoke the probate thereof, and to allow and record foreign wills.

"Second. To grant letters testamentary, of administration and of guardianship and to revoke the same.

"Third. To appoint appraisers of estates of deceased persons.

"Fourth. To compel executors, administrators and guardians to render accounts.

"Fifth. To order the sale of property of estates, or belonging to minors.

"Sixth. To order the payment of debts due from estates.

"Seventh. To order and regulate all distribution of property or estates of deceased persons.

"Eighth. To compel the attendance of witnesses and the production of title deeds, papers, and other property of an estate, or of a minor.

"Ninth. To exercise all the powers conferred by this article or by other law.

"Tenth. To make such orders as may be necessary to the exercise of the powers conferred upon it.

"Eleventh. To appoint and remove guardians for infants, and for persons insane or otherwise incompetent; to compel payment and delivery by them of money or property belonging to their wards to control their conduct and settle their accounts."

"The county court of the county in which application is first made for letters testamentary or of administration in any of the cases above mentioned, shall have jurisdiction coextensive with the state in the settlement of the estate of the decedent and the

sale and distribution of his real estate, and excludes the jurisdiction of the county court of every other county."

This court has held, in the case of Hope v. Haddock, 133 Okla. 109, 271 P. 653, as follows:

"Under sections 12 and 13, article 7 of the Constitution of Oklahoma, and chapter 5, article 1 to 14, inclusive, C. O. S. 1921, the county courts of this state are clothed with complete and exclusive jurisdiction and authority to transact all business appertaining to the estates of minors."

And this court has held, in Whitehouse Lumber Co. v. Howard, 142 Okla. 163, 286 P. 327, as follows:

"Under this section the county court has jurisdiction and power to order and regulate all distribution of the property or assets of deceased persons. That jurisdiction and power are required to be exercised and the rights of an heir to the property of an estate are determined by the decree of that court in administration proceedings."

See, also, Bingham v. Horn, 123 Okla. 193, 252 P. 847; State ex rel. Morrell v. Worten, Judge, 161 Okla. 130, 17 P. (2d) 424.

Our statutes also provide for the removal of administrators, executors, or guardians for cause by the court appointing them, and further provide that an appeal may be had to the district court from an adverse ruling in such case.

It, therefore, occurs to us that it was the intention of the framers of our Constitution and of our Legislature to vest in the probate court the exclusive jurisdiction to handle matters of all natures pertaining to the probate or administration of an estate, either of a deceased or of a minor. We appreciate the fact that counsel for the defendants in error have submitted authorities which tend to show that in some jurisdictions a receiver might be appointed, but we do not believe that is the law in this state; this court has already been committed to the doctrine that the county court has exclusive jurisdiction, and we cannot help but think that if there has been any mismanagement, either in the estate of the deceased or the royalties owned by the minor children, that is a matter to be adjusted in the county court.

We, therefore, find that the trial court had no jurisdiction to appoint receivers in this matter, and that the trial court committed error in refusing to vacate said appointment.

It is therefore ordered that this cause be reversed and remanded, with instructions to vacate the order heretofore made appointing the receivers and to dismiss said petition.

The Supreme Court acknowledges the aid of Attorneys M. C. Rodolf, Frank Settle, and George B. Schwabe in the preparation of this opinion. These constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rodolf, and approved by Mr. Settle and Mr. Schwabe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and PHELPS, JJ., concur.