**BRYAN et al. v. SEIFFERT et al.**

No. 28616.　Sept. 19, 1939.

Chas. H. Clark and L. A. Winans, for plaintiff in error.

W. Y. Dilley, in pro. per.

James W. Bollinger and Bailey & Hammerly, for defendants in error.

BAYLESS, C. J. This is an appeal from the district court of Jefferson county, and involves many parties and many triable issues between those parties. O. H. Seiffert et al., interested in a trust estate, filed an action for the purpose of terminating the trust and distribtuing its assets to those entitled thereto.

Many years ago F. E. Watkins, H. O. Seiffert, Charles N. Voss, George T. Baker, et al., formed an association known as "Oklahoma Land Company" for the purpose of dealing in Oklahoma real estate. Later others joined, and on December 1, 1936, the action for the purposes above mentioned was brought. At that time various parties were owners of fractional interests, including Charles N. Voss, deceased, whose interest was 2/9ths. Since there is no dispute over any part of the trust estate except the 2/9ths of Voss, we dismiss all mention of the others. The relation of the facts concerning the claims of his 2/9ths interest will suffice to serve as the basis for the decision on this appeal.

Charles N. Voss died in 1918, and left a will wherein he devised his estate to his widow. An administrator with will annexed was appointed in Scott county, Iowa, where Voss resided at the time of his death, and there have been successor administrators appointed until T. J. Hynes at present represents Voss' estate, and is a party to this action. Louise Voss, the widow, died in 1923, apparently intestate, and left four children. Three of those children are parties to this action. Carl, a son, assigned his part of the estate to secure a debt and later assigned his share of the estate to Lucille Bryan, his divorced wife; and these assignees

and his brother and sisters claim the 2/9ths interest left of Charles N. Voss, deceased.

In the course of the administration upon the estate of Voss in Iowa, two certain notes were executed by his representatives, with the approval and direction of the courts of Iowa, and these two notes are now owned by the Liquidation Corporation, a corporation, a plaintiff in the action below.

The preceding statements serve to give an understanding of the interests of the respective parties.

In the petition, the general history of the association was set out and the respective interests of the various parties were described. However, the statements concerning the ownership of the Voss share are confused. The Liquidation Corporation, as one of the plaintiffs, alleges the ownership of the notes, and the presentation and allowance thereof as claims against Voss' estate in Iowa, and asserts by virtue thereof it has a special ownership in and lien on the Voss share; and all of the plaintiffs by general allegations assert the heirship of the Voss children and their right by inheritance. Hynes, the administrator, is made a party defendant, but it is difficult to determine from the allegations of the petition just what relief was sought as to him, if, indeed, he was regarded as a proper or necessary party to the action.

Various defendants filed pleadings in the action, and it is sufficient to say that these pleadings generally attacked the validity of the probate proceedings in Iowa, and asserted that the notes were invalid and were barred by the statutes of limitations. The position of the Voss heirs and Lucille Bryan was that they had inherited the Voss share under the laws of the state of Oklahoma, and that the Liquidation Corporation had no superior lien or any claim upon the Voss share of the trust.

Somewhere about this time administration proceedings upon the estate of Charles N. Voss, deceased, were instituted in the county court of Jefferson county, and Hynes was appointed administrator with will annexed, and qualified and appointed a resident agent. Thereupon, the Liquidation Corporation presented a claim with the administrator against the estate, based upon the two notes, and the claim was allowed by the administrator and duly approved by the county judge.

Upon a trial of all of the conflicting claims and issues, the trial court rendered a judgment which is complained of in two respects, viz.: (1) The refusal to order an accounting, and (2) the approval of the relief sought to the Liquidation Corporation and one of the assignees of Carl Voss. No purpose will be served in quoting the journal entry of judgment as to the accounting, but we do quote that part of the judgment with respect to the disposition of the Voss share of the proceeds of the sale of the trust estate, in the event partition in kind is not feasible, for it illustrates the error complained of. It reads:

"* * * That any funds and proceeds derived from such sale shall be paid into the hands of the clerk of the district court of Jefferson county, Oklahoma, and distributed under order of this court (1) to the payment of the costs of this suit, including attorneys fees in the sum of $750; (2) to the aforesaid parties according to their respective interests in the above-described lands, lots, premises and estates; provided, that out of any sum or amount due and owing the estate of said Charles N. Voss, deceased, shall be first paid to the Liquidation Corporation, a corporation, the sum and amount due the said the Liquidation Corporation, a corporation, and if any residue there be of the property and amounts due the said estate of Charles N. Voss, deceased, the sum of $2,500 or so much thereof as may remain in the estate of Charles N. Voss, deceased, belonging to the said Carl H. Voss shall be paid to W. Y. Dilley, trustee, and any sum thereafter due the said Carl H. Voss shall be paid to the said Lucille Bryan, formerly Voss."

Lucille Bryan and the Voss heirs appeal, and assign several propositions.

Appellees preface their answer brief with a motion to dismiss the appeal for the failure of the appellants to serve the case-made upon Hynes, administrator. A motion to this effect was filed earlier, and was denied by the court without written opinion, but it was upon the basis of our opinion in City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418, and without special leave to renew the motion in the brief on the merits as appellees are now attempting. We see no reason to reverse the previous order.

Appellants complain first of the refusal of the trial judge to direct a full and complete accounting by the trustee. It is difficult to understand just what they mean by the term "full and complete" accounting. The proof is that the trustees have rendered annual accounts since the beginning of the transaction, and occasionally oftener. They have exhibited their accounts to all concerned upon application, and there is nothing in the record to indicate that information or inspection was ever withheld or denied anyone interested or entitled thereto.

It is true that appellants as heirs of the devisee of Voss, deceased, came into the ownership by inheritance several years late, and the lateness of their interest probably kept

them from receiving the earlier reports. However, their attorney stated in open court that they made no assertion of bad faith or mismanagement. They were merely seeking information which they had not theretofore had.

The present trustee is a party to the action. He was present at the trial and testified. He had his records and accounts with him, and offered to exhibit them and to answer any questions respecting them. Whether appellants deemed themselves unqualified to inspect the records, or believed themselves unable to ask questions designed to disclose specific information, we do not know.

It seems to us that this is the very weakness of their demand. They made no charge that would put the trustee to the duty of explaining or justifying his acts. They simply sought explanation and verification without very definite purpose in mind.

The trial judge's foreknowledge of his intended judgment may have influenced his ruling on this demand. The interest involved did not exceed 2/9ths, and no other beneficiary was dissatisfied. This 2/9ths was encumbered, and its actual net value was problematical. The cost of an accounting, an audit by some competent expert, would have fallen upon the trust, for the trial court suggested that appellants hire their own auditor and they refused, and there is nothing in this record to show that this cost could justifiably be saddled upon the entire trust.

In 65 C. J. 881, § 780, it is pointed out that heirs may require an accounting, but it is specifically pointed out that such relief ought not to be granted if full disclosure has been made theretofore, nor where it is solely to serve no useful or definite purpose. See section 795, supra, also. In sections 849 and 850, supra, it is pointed out what details should be set out in an account, where an accounting is ordered, and we see no detail therein mentioned that does not appear to have been furnished already. We feel that no error was committed in denying the demand for an accounting above what had already been done.

In propositions 2, 3, and 4, appellants raise the bar of the statutes of limitations of the state of Oklahoma and the state of Iowa against the claim of the Liquidation Corporation. They have treated these propositions separately, although they impinge on each other, but the appellants have treated them together and we shall do the same.

Two points are made. It is insisted first that the right to institute probate proceedings upon the estate of Charles N. Voss in Oklahoma is barred by the statute of limitations of Oklahoma, and that the right to procure the allowance of a claim against that estate in Oklahoma is barred by the statutes of limitations of Oklahoma, as such, and by the statutes of Iowa.

Loose language is used in the pleadings and briefs respecting the proceedings undertaken in the county court of Jefferson county. Actually, as defined and required by our laws, it is a proceeding to probate a will. Chapter 8, art. 3, O. S. 1931, 58 Okla. St. Ann. §§ 21-93. In re Mimey's Estate, 149 Okla. 85, 299 P. 199, we held that the general statutes of limitation did not apply to a petition to probate a will, since the statute provided that any person interested "may at any time after the death of the testator" petition therefor. This rule is not affected by our decision in Hayes v. Simmons, 136 Okla. 206, 277 P. 213, where under the peculiar facts we held that laches applied. Therefore, we hold that, in so far as our statutes are concerned, 18 years' delay in applying for the probate of a will under the laws of Oklahoma does not affect the right of the petitioner.

The next point concerns the correctness of the trial court's ruling upon the bar as applied to the claim based upon the notes. The appellants assert that these notes, and the claim, are barred both by the law of Oklahoma and of Iowa. They assert that the trial court erred in overruling their contention, and argue strenuously respecting this matter. However, we think the trial court's judgment in this respect is erroneous but for a reason not advanced by the appellants.

It is not usual for us to notice grounds of error not presented and argued, but in this instance the issue is one of public interest and calls for a construction of our statutes upon a point not heretofore precisely presented to this court, and we do not wish to determine it upon the record before us. Irrespective of the correctness of the ruling of the trial court, as an abstract matter of law, upon the issue of the statute of limitations, it is our opinion that the district court of Jefferson county had no jurisdiction or power to undertake to approve the claim of the Liquidation Corporation or to fasten it as a lien upon the Voss estate share, nor to undertake to supervise the distribution of the proceeds of the partition sale belonging to that estate.

A proceeding for the probate of the will of Charles N. Voss, deceased, was instituted in the county court of Jefferson county, and an administrator with will annexed was appointed, and he is a party to this action.

It is well settled that the administrator

is entitled to the possession and control of the assets of that estate, whether these assets consist of the real estate set aside in the distribution of the trust estate in this action or the proceeds from the partition sale thereof. In re Gentry's Estate, 158 Okla. 196, 13 P.2d 156, and many other cases.

It is undisputed that the Liquidation Corporation filed its claim with the administrator, and the claim was allowed by him and approved by the county judge. A notice to creditors has been given, and while it may be made to appear in this action that no other claims were filed, that is not a matter that concerns the district court of Jefferson county. It has no power or jurisdiction to undertake to supersede the county court of Jefferson county and administer Voss' estate.

In the case of In re Gentry's Estate, supra, a district court undertook to partition real estate belonging to a decedent while probate proceedings were pending. In decreeing the partition the district court entered an order wherein it attempted to preserve certain rights in favor of the parties in that action against the funds that might come into the hands of the administrator; and the county court in entering its final order of distribution considered the order of the district court binding upon it. We said:

"The district court was without power or jurisdiction, in partition proceedings, to direct the administrator in the matter of application of the rents and profits to the payment of expense of administration. These matters are properly before the district court only on appeal. * * * The county court was not bound, as the judge thought, by the order of the district court requiring the administrator to reimburse Midgley in full for his two-thirds of the rents for the years 1927 and 1928."

In the case of Dillard v. Franklin, 177 Okla. 34, 57 P.2d 629, an administration proceeding was pending wherein a will was being probated, and certain minor heirs were represented by a guardian, and the district court undertook to appoint receivers for the administration of the estate, it being alleged that mismanagement and misconduct were bringing about the destruction of the estate. We said:

"Under section 13, art. 7, of the Constitution of Oklahoma, the county courts of this state have the general jurisdiction of a probate court. They shall probate wills, * * * grant letters testamentary and of administration, settle accounts of executors and guardians, and transact all business appertaining to estates, including the sale, settlement, partition, and distribution of the estates; and, while administration proceedings are still pending, the district courts of this state have no jurisdiction to appoint receivers to take charge of said estates."

We will not cite additional authorities, for we think there can be no better settled rule of law.

The fact that no administration proceedings had been commenced in Oklahoma at the time of the filing of this action was not sufficient to confer power or jurisdiction upon the district court. The power and jurisdiction existed in a county court, and all of the facts essential to invoke the exercise thereof existed, and the fact that such court had not been asked to probate the will did not create a power in the district court to undertake to act in lieu of the county court.

Let us consider the position of the Liquidation Corporation herein. The record discloses that it holds two notes against the estate of Voss, deceased. There is no allegation or proof that the notes were secured. Yet it asserts and was granted a lien upon the estate. No Iowa law has been cited to establish this security and we know of none in Oklahoma. The apparent basis is the allegation that no other claim has been presented against the estate and it is the only claim to be paid therefrom. Appellants have cited cases from other jurisdictions to the effect that the allowance of a claim and approval by the county judge is tantamount to a judgment of a court of record. By statute in Oklahoma, judgments are liens on real estate. As pointed out above, that is a matter for the county court, and such an allegation, however completely proved, cannot serve as the basis for the district court's power to adjudicate it a lien. The claim derives its efficacy from the action of the county court, and it is the court to enforce it.

Let us consider the conflicting claims of Dilley, trustee, and assignee of Hill, the assignee in the notice of a lien, of Carl Voss and of Bryan, the assignee and ex-wife of Carl Voss. If the assignment to Hill (now owned by Dilley) is valid and superior to the assignment of the distributive share of Carl Voss to Bryan, then it should be paid and the net turned to her, but if it is invalid upon any of the grounds asserted by Bryan, it should not. This was an issue that could be determined by the county court under the provisions of section 1366, O. S. 1931, 58 Okla. St. Ann. § 644, as construed by this court in Parks v. Lefeber, 162 Okla. 265, 20 P.2d 179, following In re Phillips' Estate, 71 Cal. 285, 12 P. 169, and Williams Hill Co. v. Lawler, 116 Cal. 359, 48 P. 323, construing a similar statute.

There was no authority for the district

court of Jefferson county to assume jurisdiction of these issues, and there were no allegations or proof before us that could conceivably cause us to approve the usurpation of powers by the district court of Jefferson county.

We recognize, of course, that the estate of Voss in Oklahoma was a part of the trust estate and that the right of the administrator with will annexed to take the same into his possession depended upon obtaining it from the trustee. This action for the termination of the trust estate and for the partition of the assets thereof among those entitled thereto, including the Voss interest, is one properly within the jurisdiction of the district courts of this state, but the district court of Jefferson county was without authority to take the distribution of the Voss estate from the county court; and, therefore, in so far as that district court undertook to fasten liens upon the Voss share, based upon claims that should have been presented to the county court, or to otherwise control the administration of that estate, it exceeded its power. It has exhausted its power and jurisdiction when it decrees a distribution of the trust estate and later sees that the share belonging to Voss, deceased, has been paid to his administrator with will annexed, appointed under the laws of Oklahoma.

We are unwilling to undertake to determine the correctness of the law applied to the claims of the Liquidation Corporation, Dilley, assignee of the Paul Hill assignment. and Lucille Bryan, assignee of Carl Voss. Our determination of this issue of law would constitute a condonation of the district court of Jefferson county in exceeding its jurisdiction, and might serve as a precedent for others to undertake to do the same. In our opinion, the basic principles to be applied might result in our opinion thereon transcending the settlement of a private controversy.

It must be observed that the parties to an action may not frame issues beyond the power or jurisdiction of a court or ignore obvious limitations on such power and jurisdiction violated by the court's judgment for the purpose of serving their convenience in obtaining a decision from this court upon the controversy between them.

The judgment of the trial court in so far as it decrees a termination of the trust estate, and directs a partition thereof, and denies the accounting demanded by the appellants, is affirmed; but said judgment is reversed in so far as it attempts in any manner to interfere with the power and jurisdiction of the county court of Jefferson county in the administration of the estate of Charles N. Voss, deceased, under his will; and the district court of Jefferson county is directed to direct the proceeds from said partition belonging to the estate of Charles N. Voss, deceased, to be paid to the administrator with will annexed, and to take such other steps as are not inconsistent with this opinion.

CORN, GIBSON, DAVISON, and DANNER, JJ., concur.