WALLACE et al. v. HILL.

No. 34498.   Oct. 7, 1952.

Rehearing Denied Oct. 28, 1952.

*249 P. 2d 452.*

Homer L. Hurt, Oklahoma City, for plaintiffs in error.

H. B. King, Roy F. Lewis, and Pat King, Oklahoma City, for defendant in error.

BINGAMAN, J. This is an action by J. Frank Hill on rejected claim against the estate of Joshua Mart Davis, deceased. A recovery was sought of all of the property of every kind belonging to the estate under a contract entered into with the decedent about two months prior to his death. Gladys Berger, the daughter and sole heir, was joined as a defendant. The administrator, by cross-petition, sought to recover certain sums it was alleged the plaintiff had received from decedent prior to decedent's death. A jury was waived and the case tried to the court. From a judgment for the plaintiff quieting title in the real property and allowing recovery of money judgment less credit for certain expenses of administration, and directing the payment of a creditor's claim, the defendants appeal.

The mother of Gladys Berger divorced Joshua Mart Davis when the defendant was a small child. The mother obtained the custody of the child and although the daughter kept up a friendly acquaintance with the decedent for a number of years she had seen him but seldom following her removal to Missouri many years prior to his death in 1948. The decedent suffered from tuberculosis, and frequently when seriously ill from this malady, he was the beneficiary of the friendly interest and assistance of his neighbors, J. Frank Hill and wife. In September, 1947, his condition having become gradually worse and it being supposed that he was without property or funds. Davis was admitted to a tuberculosis hospital in Oklahoma City, as a county patient. Hill continued his friendly interest in Davis and called at the hospital several times each week to shave him and otherwise attend to his wants, as well as to bring him special items of food prepared by Mrs. Hill. On November 5, 1947, Davis sent for a lawyer acquaintance, R. A. Jackson, and requested him to prepare the necessary papers to transfer all of his estate to J. Frank Hill. A will was suggested by the lawyer, but Davis objected explaining that he had at one time been confined to the State Hospital for the Insane and that a will might therefore be broken. Davis insisted that a contract be entered into. A contract was then drawn between the parties which recited that Davis was in need of finances and that same were being furnished and advanced by Hill and that upon his death Hill was to have and receive all of Davis' property to reimburse him for furnishing and lending to Davis. This agreement was duly signed by the parties and is the basis of the claim against the estate and this action. Hill continued to perform the services as before and probably advanced some sums of money which were, however, promptly repaid through the cashing of bonds belonging to Davis.

After the death of Davis an administrator was appointed. His estate consisted of a savings account amounting to about $1,800, and a tract of land in Oklahoma City, 80 by 140 feet, with a small house thereon.

It is not contended that the contract is an attempted testamentary disposition. The parties assume the instrument is otherwise valid as a contract, if supported by a valid consideration.

It is urged by the plaintiffs in error that the contract was executory, so far as Hill was concerned, and that he did not advance any sums of money after the execution of the instrument. The evidence is uncontradicted that after the execution of the instrument Hill continued to furnish services to the decedent. The testimony shows such services were worth several hundreds of dollars. We conclude the contract was amply supported by consideration.

The judgment appealed from, however, renders a personal judgment against the administrator for the amount of the savings account, less credits consisting of the expenses of administration and a preferred claim to the county, and quiets the title of the plaintiff in the real property. Such judgment is, we believe, erroneous in so far as it attempts to go beyond the provisions of 58 O.S. 1951 §345, which provides for the establishing of a claim as a judgment against the estate.

The validity of a contract for the payment of money, to be paid after the death of the promisor, was recognized by this court in Farmers & Merchants National Bank v. Lee, 192 Okla. 9, 132 P. 2d 931. The instrument there under consideration was for the payment of a sum certain. However, similar agreements, where the payment was to be all of the property owned or possessed by the decedent at the time of death, have been recognized in other jurisdictions. United States v. Stevens, 302 U. S. 623, and Reynolds v. Chase, 87 N.H. 227, 177 Atl. 291.

In Reynolds v. Chase, supra, the New Hampshire court was dealing with an agreement in many respects similar to the one in the case at bar. Neither of the contracts set out how the property was to become vested in the one contracting party upon the death of the other. As that court observed:

"There were no stipulations for confirmatory documents in better evidence of the transfer, although the call for them could not be ·very doubtful in respect of real estate and intangible personalty. In like manner no plan was prescribed for effectuating the transfer of the property remaining upon the death of the survivor of the first parties."

The parties here assumed and the trial court apparently held that an administration on the estate of the decedent was unnecessary. The same assumption was made in Reynolds v. Chase, supra, but the court there held it was a mistaken assumption. We conclude administration on the estate was necessary here and that the judgment of the trial court should be modified to provide that the claim be established as a valid claim against the estate, to be paid in the due course of administration, in accordance with the provisions of 58 O.S. 1951 §345. This will settle all issues as to the expenses of administration, the county's preferred claim for the last illness of the deceased, the burial expenses and any other preferred claims. The judgment is further modified to provide that the real property is subject to the possession and control of the administrator for the purpose of administration.

As so modified the judgment is affirmed.

HALLEY, V.C.J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.