### BLUE et al. v. MURRAY.

No. 35986.

Supreme Court of Oklahoma.

June 3, 1953.

Rehearing Denied Sept. 15, 1953.

Ryan Kerr, Altus, Bowie & Bowie, Pauls Valley, for petitioners.

Wallace Hatcher and Walter Dean Hart, Pauls Valley, for respondent.

JOHNSON, Vice Chief Justice.

The facts upon which this original proceeding for a writ of prohibition are based are substantially as follows: The cause was commenced in the District Court of Garvin County, Oklahoma, by Alta Fendall and Nettie Kendall against Rebecca V. Blue, now Brown, the widow of Albert Lee Brown, who died on September 29, 1951, and Rebecca V. Blue, now Brown, as the administratrix of Albert Lee Brown's estate, et al., on the 15th day of October, 1951, wherein it was alleged that Albert Lee Brown contracted and agreed to make a last will and testament whereby the plaintiffs would be the sole legatees and devisees and that upon his death all of his property, both real and personal, would pass and become vested in the plaintiffs, who are his daughters, upon the condition that they would take care of him for the rest of his natural life; thereafter in the year 1947, he made a will and at the time was a widower and unmarried; that thereafter the will was destroyed; that during the middle part of 1949, the promisor, Albert Lee Brown, left the home of the plaintiffs and thereby breached the original contract; that plaintiffs herein seek to enforce the original agreement by having the title to the property of Albert Lee Brown, both real and personal, and mixed, vested in the plaintiffs. Plaintiffs further plead that the marriage on April 2, 1950, between Ruth V. Blue, now Brown, was obtained by fraud and was therefore invalid.

Plaintiffs further plead that in the event they cannot recover upon specific performance of a contract, they are entitled, in the alternative, to recover $37,500 on a quantum meruit basis for services rendered in caring for Albert Lee Brown the two and one-half years that they claim he resided with them.

Plaintiffs did not file a claim upon the oral contract to devise said property or for services rendered upon a quantum meruit basis with the administratrix. During the pendency of the action and after the administratrix had been appointed and qualified the court entered an order empounding the rents, revenue and profits from the property of Albert Lee Brown, deceased, in Garvin County, Oklahoma, and that said rents, revenue and profits were paid into the Court Clerk's office, Garvin County, Oklahoma, under the order of the court, until an amount of about $4,300 had been paid therein; that upon a motion to dissolve this order, the District Court, on the 3rd day of April, 1953, entered an order dissolving the order impounding the rents, revenue and profits; that on the said 3rd day of April, 1953, the plaintiffs filed in the District Court action an application for appointment of a receiver and on April 6, 1953, the court appointed a receiver.

The administratrix as such had taken possession of all the property that she could prior to the time of the order impounding the funds and was administering said estate. No objections were filed and no questions were raised as to the appointment of the administratrix of the estate of Albert Lee Brown. No complaint was made that she was improperly administering the estate. After the order appointing the receiver, these petitioners filed a motion to vacate the appointment and the court, on the 20th day of April, 1953, denied and overruled their motion. They gave notice of their intention to appeal to the Supreme Court of Oklahoma as provided by law and the court fixed supersedeas bond in the sum of $5,000 and granted them 15 days to make bond and although notwithstanding this order, the court, on the same date that he made the order staying the proceedings until bond could be given, entered an order directing the payment of $207.04 to plaintiff for insurance paid by them, the sum of $1,005.81 taxes and penalty, $25 for receiver's bond premium and $248 for repairing roof of building of property belonging to the estate and the further sum of $100 payable to M. A. Rennie as payment on the receiver's fee. The court had theretofore ordered the sum of $2,000 paid to the receiver.

From such orders appointing receiver over the estate of Albert Lee Brown, deceased, superseding the administratrix, and the administering of said estate of Albert Lee Brown, deceased, by the District Court of Garvin County, Oklahoma, through the receiver, the petitioners herein seek a writ of prohibition.

It is claimed that the receiver is unlawfully administering or attempting to administer the estate of Albert Lee Brown through the District Court, notwithstanding the fact that the estate has a duly appointed, qualified and acting administratrix who, so far as the record discloses, is satisfactorily administering the estate of Albert Lee Brown in the county court having jurisdiction of the estate.

From a careful examination of the record, which includes the pleadings and orders of both the county court and the district court, it is apparent that the District Court assumed and held that administration proceedings on the estate of Albert Lee Brown were unnecessary and that since it had jurisdiction to determine the question of title to the property under the allegations of plaintiff's petition, it also had jurisdiction to appoint a receiver. In this the court was in error. Wallace v. Hill, Okl., 249 P.2d 452; Bryan v. Seiffert, 185 Okl. 496, 94 P.2d 526; Dillard v. Franklin, 177 Okl. 34, 57 P.2d 629.

In Wallace v. Hill, supra, under factual conditions very similar to those in the case at bar, we concluded that administration on the estate was necessary. In Bryan v. Seiffert, supra, we held that county courts of Oklahoma have original and exclusive jurisdiction of administration proceedings upon estates of deceased persons and that where such proceedings are pending, district courts have no jurisdiction or power to undertake to administer upon such an estate to exclusion of county courts. Citing Okl.St.Ann., Const. Art. 7, § 13, and in the Bryan case, following Dillard v. Franklin, supra we held that while administration proceedings are still pending, the District Courts of this state have no jurisdiction to appoint receivers to take charge of said estates.

Obviously, the District Court of Garvin County, Oklahoma, is without jurisdiction to take charge of the property belonging to the estate of Albert Lee Brown, deceased, which is in the process of administration in the proper county court, either by impounding the funds of the estate, or through a receiver appointed by it. This being true, prohibition is the proper remedy. City of Tulsa v. Corporation Commission, 96 Okl. 180, 221 P. 1000; Tucker v. District Court, 108 Okl. 198, 235 P. 610; McCartney v. Superior Court, Okmulgee Division, Okmulgee County, Okl., 187 Okl. 63, 101 P.2d 245, and cases cited therein. In the City of Tulsa case, supra, paragraph 5 of the syllabus, we stated the rule as follows:

"Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by

law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient. Oklahoma City et al. v. Corporation Commission et al., 80 Okl. 194, 195 P. 498."

 The respondent's contention that since the action was an equitable one, and the court's equitable jurisdiction having been invoked, it had jurisdiction for all purposes, including appointment of receivers, etc., is without merit because under our holdings in Wallace v. Hill, supra, Bryan v. Seiffert, supra, and Dillard v. Franklin, supra, this general rule is not applicable in the instant case. Likewise, the contention that the remedy of petitioners is by appeal from the unwarranted judicial action of the District Court is without merit and untenable. Tucker v. District Court, supra. There we said:

"We cannot agree with the proposition that where the court is acting without jurisdiction, that a party must submit himself to such court and be compelled to expend effort, time, and the consequent cost of litigation, and if the findings of the court should be adverse, then be put to the inconvenience of an appeal. We think that where a proper showing has been made, that the court is proceeding in a cause without jurisdiction, that the writ of prohibition is a proper remedy to arrest the action of such court."

For the reasons stated, it is ordered that the writ be issued, and that the District Court be prohibited from further impounding the funds belonging to the estate herein involved, and further ordered to vacate the order appointing a receiver, and to release the funds of the estate to the duly appointed, qualified and acting administratrix of the estate of Albert Lee Brown, deceased.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.